EDWARD DORSEY & CO. *v.* D. M. PRITCHARD, Sheriff, et al.

A lease of lands, houses or tenements, has no effect against creditors, unless the same has been recorded as required by law, in cases of sale of real property.

APPEAL from the District Court of Catahoula, *Barry*, J. *O. Mayo*, for plaintiffs. *McGuire* and *Ray*, for defendants. The judgment of the court was pronounced by

ROST, J. This is a suit by injunction, in which the plaintiffs seek to prevent the sheriff from selling certain improvements upon a town lot which he seized under execution, at the suit of *H. Pargoud* v. *Charles O'Reilly*, and also the unexpired lease of said lot. It is in evidence, that some years ago, *Mrs. O'Reilly*, who is not shown to be separated in property from her husband, took a lease of the lot for ten years; the consideration of which was, that she should erect upon it certain buildings, which were to remain to the lessee at the expiration of the lease. Those buildings were put up by *O'Reilly* himself, and, two years after, *Mrs. O'Reilly* transferred the lease to the plaintiffs, with the consent of the owner of the lot; after this transfer, *Pargoud* caused the buildings and the unexpired term of the lease to be seized, and the plaintiffs enjoined the proceedings. After hearing, the injunction was perpetuated, and the defendants appealed.

Many questions have been raised in argument, which it is unnecessary to notice. Neither the lease, nor the transfer of it, were recorded as required by the act of the 20th of March, 1806. Bul. and Cur. 539. Those acts have therefore no existence against creditors; and, as it is conclusively shown that the buildings were put up by *O'Reilly*, and belong to him, they may be taken in execution for his debts. The effect of the sheriff's sale will be to annul the lease, as if the land itself had been sold.

It is therefore ordered, that the judgment in this case be reversed and the injunction dissolved, so far as to allow the sheriff to proceed, under the execution in his hands, to sell the buildings and improvements seized by him. It is further ordered, that the judgment be affirmed, so far as it perpetually enjoins the sale of the unexpired term of the lease. It is further ordered, that the plaintiffs pay costs in both courts.